1  Eugene P. Ramirez (State Bar No. 134865)
    *epr@manningllp.com*
2  Angela M. Powell (State Bar No. 191876)
    *amp@manningllp.com*
3  Steven McNicholl (State Bar No. 323191)
    *sam@manningllp.com*
4  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
7
   Attorneys for Defendants CITY OF
8  GARDENA, STEVE KIM, BRIAN
   PARK, ARNOLD PETERON, CHAD
9  AMERINE, JASON HOOKER,
   NICHOLAS BEERLING, MARK
10 THOMPSON, and WILLIAM
   MCREYNOLDS

11              **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  ROSHAWN DOUGLAS, an individual,        |  Case No.
15                                         |
         Plaintiff,                        |  **NOTICE OF REMOVAL OF**
16                                         |  **ACTION BY DEFENDANTS**
         v.                                |  **PURSUANT TO 28 U.S.C. § 1441(a)**
17                                         |  **(FEDERAL QUESTION)**
   CITY OF GARDENA, a California           |
18 municipal entity; STEVE KIM, an         |
   individual; BRIAN PARK, an              |
19 individual; ARNOLD PETERSON, an         |
   individual; CHAD AMERINE, an            |
20 individual; JASON HOOKER, an            |
   individual; NICHOLAS BEERLING,          |
21 an individual; MARK THOMPSON, an        |
   individual; WILLIAM                     |
22 MCREYNOLDS, an individual;              |
   GEORGE BUKHIN, an individual; and       |
23 DOES 1-100, inclusive,                  |
24         Defendants.                      |

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**To the Clerk and Honorable Judges of the United States District Court for the Central District of California:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendants STEVE KIM, BRIAN PARK, ARNOLD PETERSON, CHAD AMERINE, JASON HOOKER, NICHOLAS BEERLING, MARK THOMPSON, and WILLIAM MCREYNOLDS ("Officer Defendants") remove to this Court the state court action described below:

<div align="center">

**STATE COURT ACTION**

</div>

1.      On June 1, 2021, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Roshawn Douglas, et al. v. City of Gardena, et al.*, state case number 21STCV20536.  This initial Complaint, which is the operative Complaint in the action, named as Defendants the City of Gardena and several individuals: (1) Steve Kim; (2) Brian Park; (3) Arnold Peterson; (4) Mayda Zelaya; (5) Chad Amerine; (6) Jason Hooker; (7) Nicholas Beerling, (8) Mark Thompson; (9) William McReynolds; and (10) George Bukhin (collectively "Defendants").

2.      The Complaint alleges fourteen (14) causes of action, including civil rights violations pursuant to 42 U.S.C. § 1983.

<div align="center">

**RECORD FROM STATE COURT**

</div>

3.      A true and correct copy of the conformed Complaint that was filed on June 1, 2021 and served on the Officer Defendants on July 7, 2021 and Defendant City of Gardena (the "City") on July 2, 2021 for this state court action is attached herewith as Exhibit A.

4.      A true and correct copy of the conformed Summons that was filed on June 4, 2021 and served on Defendant City of Gardena on July 2, 2021 for this state court action is attached herewith as Exhibit B.

5.      A true and correct copy of the conformed Proofs of Personal Service for each individual Defendant is attached herewith as Exhibits C through L.  However,

<div align="center">

2

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1441(b)**

</div>

the Proof of Personal Service for Defendant George Bukhin is invalid (Exhibit L), as he is not an employee of the City of Gardena.

6.     A true and correct copy of the conformed Proof of Personal Service for Defendant City of Gardena is attached herewith as Exhibit M.

7.     A true and correct copy of the conformed Civil Case Cover Sheet for this state court action is attached herewith as Exhibit N.

8.     A true and correct copy of the conformed Notice of Case Assignment – Unlimited Civil Case for this state court action is attached herewith as Exhibit O.

9.     A true and correct copy of the Notice of Case Management Conference for this state court action is attached herewith as Exhibit P.

10.    A true and correct copy of the Notice of Posting of Jury Fees by Plaintiff Roshawn Douglas is attached herewith as Exhibit Q.

11.    A true and correct copy of the conformed Answer of Defendant City of Gardena is attached herewith as Exhibit R.

12.    A true and correct copy of the conformed Answer of Defendant Officers is attached herewith as Exhibit S.

### TIMELINESS OF NOTICE OF REMOVAL

13.    The Officer Defendants were personally served on July 7, 2021.  The 30-day removal period under 28 U.S.C. § 1446(b)(1) runs from this service date.  Since the service date was July 2, 2021, the 30-day removal period ends on August 6, 2021.  Therefore, this removal notice is timely, as it is being filed on or before August 6, 2021.

### REMOVAL JURISDICTION

14.    Plaintiff's Complaint included federal law claims under 42 U.S.C. § 1983 against all defendants.  These federal claims appear in counts 1 through 7 of the Complaint.  (Ex. A, ¶¶54-137.) Specifically, count 1 invokes 42 U.S.C. § 1983 and alleges that Defendants Park and Kim acted under the color of state law and unlawfully detained Plaintiff in violation of the Fourth Amendment to the United

States Constitution. (*Id.*, ¶¶55-68.)  In count 2, Plaintiff alleges that Defendant Officers used excessive force against Plaintiff, also under the color of state law and in violation of the Fourth Amendment. (*Id.*, ¶¶70-83.)  Count 3 claims that Defendant Officers violated Plaintiff's Fourth Amendment right when they falsely arrested him without probable cause. (*Id.*, ¶¶85-96.)  In Count 4, Plaintiff alleges due process claims under the Fourteenth Amendment to the United State Constitution and pursuant to 42 U.S.C. § 1983.  Plaintiff contends that Defendants Kim and Park initiated an arbitrary traffic stop, employed excessive force onto Plaintiff without justification, unlawfully arrested Plaintiff, and illegally drove and impounded his vehicle. (*Id.*, ¶¶98-108.)  Counts 5 through 7 allege Defendant City of Gardena failed to properly train, supervise, and discipline Defendant Officers, as well as ratified their actions and maintained unconstitutional policy, invoking 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

15.     These federal claims are causes of actions over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  The action is therefore subject to removal to this Court pursuant to 28 U.S.C. § 1441(a).

16.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).  The state law claims are based on the same alleged events and transactions that are raised by Plaintiffs in support of their claims that arise under the federal constitution and federal statute. (Ex. 1, ¶¶26-43.)

### VENUE

17.     The state action was filed in the Los Angeles County Superior Court.  The primary events giving arise to the action are alleged to have occurred in the County of Los Angeles.  Plaintiff alleges in the Complaint that he is a resident of the County of Los Angeles.  Defendant City of Gardena transacts business in the County of Los Angeles.  Therefore, venue in the Western Division of this Court is proper pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(b).

**RELATED CASES**

18.     To the best of Defendant's knowledge, there are no related cases pending in this Court.

**JOINDER/CONSENT BY OTHER DEFENDANTS IN REMOVAL**

19.     As undersigned counsel represents Defendants City of Gardena, Steve Kim, Brian Park, Arnold Peterson, Chad Amerine, Jason Hooker, Nicholas Beerling, Mark Thompson, and William McReynolds, all consent to this removal.  (See 42 U.S.C. 1446(b)(2)(C).  Additionally, while a proof of service has been filed for individual George Bukhin, it is Defendant Officers' understanding that he has not been properly served, and thus, his consent or joinder to this removal is unnecessary.  See 42 U.S.C. § 1446(b)(2)(A).

**NOTIFICATION TO ADVERSE PARTY**

20.     This Notice of Removal will be promptly served on Plaintiff (through his attorney of record) and a copy of the same will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

**CONCLUSION**

Accordingly, this action is subject to removal from state to federal court, and Defendant City of Gardena respectfully requests that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the Western Division of the United States District Court for the Central District of California.

1    DATED:  August 5, 2021          **MANNING & KASS**
2                                    **ELLROD, RAMIREZ, TRESTER LLP**

3

4                                    By:   /s/ Angela M. Powell
5                                          Eugene P. Ramirez
                                           Angela M. Powell
6                                          Steven McNicholl
7                                          Attorneys for Defendants CITY OF
                                           GARDENA, STEVE KIM, BRIAN PARK,
8                                          ARNOLD PETERON, CHAD AMERINE,
                                           JASON HOOKER, NICHOLAS
9                                          BEERLING, MARK THOMPSON, and
10                                         WILLIAM MCREYNOLDS
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1441(b)

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/01/2021 03:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV20536

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Timothy Dillon

Randy H. McMurray, Esq. (SBN 126888)
*Rmcmurray@law-mh.com*
Yana G. Henriks, Esq. (SBN 250638)
*Yhenriks@law-mh.com*
Lauren I. Freidenberg, Esq. (SBN 312428)
*Lfreidenberg@law-mh.com*
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff Roshawn Douglas*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ROSHAWN DOUGLAS, an individual<br><br>Plaintiffs ,<br><br>v.<br><br>CITY OF GARDENA, a California municipal entity; STEVE KIM, an individual; BRIAN PARK, an individual;  ARNOLD PETERSON, an individual; MAYDA ZELAYA, an individual; CHAD AMERINE, an individual; JASON HOOKER, an individual; NICHOLAS BEERLING, an individual; MARK THOMPSON, an individual; WILLIAM MCREYNOLDS, an individual; GEORGE BUKHIN, an individual; and DOES 1- 100, inclusive,<br><br>Defendants. | **Case No.:**  _21STCV20536_<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  **Unlawful Seizure 42 U.S.C. §1983;**<br>2.  **Excessive Force 42 U.S.C. §1983;**<br>3.  **False Arrest 42 U.S.C. §1983;**<br>4.  **Violation of Due Process 42 U.S.C. §1983;**<br>5.  **Failure to Properly Train, Supervise and Discipline, 42 U.S.C. §1983;**<br>6.  **Ratification,** *Monell;*<br>7.  **Unconstitutional Policy,** *Monell;*<br>8.  **False Imprisonment;**<br>9.  **Negligence;**<br>10. **Assault;**<br>11. **Battery;**<br>12. **Intentional Infliction of Emotional Distress;**<br>13. **Discrimination/ Civil Rights Violations (Civil Code §51.7);**<br>14. **Violation of the Bane Act (Civil Code §52.1);**<br><br>**DEMAND FOR JURY TRIAL** |

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    **COME NOW PLAINTIFF ROSHAWN DOUGLAS,** to complain of DEFENDANTS,

2    and each of them, and hereby allege as follows:

3    <u>**INTRODUCTORY STATEMENT**</u>

4        This is a civil rights action against the City of Gardena (by and through the Gardena Police

5    Department) for violating various rights under the United States Constitution and California state

6    law in connection with the unlawful arrest and excessive use of force against Roshawn Douglas

7    on or around May 25, 2020.

8        On or around May 25, 2020, Gardena Police Department ("GPD") officers unlawfully

9    seized and arrested Plaintiff Mr. Roshawn Douglas in front of his own home.  After Mr. Douglas

10   pulled his truck into his driveway, GPD officers demanded Mr. Douglas to get out of his truck.

11   After complying with officer commands and exiting his truck, GPD officers immediately attacked

12   Mr. Douglas and began to push/pull him in separate directions.   Upon information and belief,

13   defendant officer PARK deployed a Taser at Mr. DOUGLAS while he was restrained by

14   defendant officer KIM, although Dr. Douglas was compliant and had his hands up in surrender.

15   Mr. Douglas was thereafter falsely arrested in front of his own home without probable cause.

16   <u>**VENUE AND JURISDICTION**</u>

17        1.      Venue in this court is appropriate under California Code of Civil Procedure § 395

18   (a), in that the underlying acts and injuries upon which the present action is based occurred in the

19   County of Los Angeles, in the state of California.

20        2.      Defendants reside and/or transact business in the County of Los Angeles and are

21   within the jurisdiction of this Court for purposes of service of process.

22        3.      Jurisdiction is proper in this case in that the amount in controversy is in excess of

23   the statutory requirements of this court.

24   <u>**PARTIES**</u>

25        4.      PLAINTIFF ROSHAWN DOUGLAS is and was at all times relevant herein, an

26   individual residing in the County of Los Angeles, in the state of California.

27        5.      Plaintiffs are informed and believes, and based thereon alleges, that Defendant

28   CITY OF GARDENA (herein "CITY") is a municipal entity organized under the laws of the State

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1   of California. Plaintiffs are informed and believes, and based thereon alleges, that the GARDENA

2   DEPARTMENT (herein "GPD") is a subdivision of Defendant CITY and is regarded as identical

3   thereto for the purposes of this pleading unless otherwise indicated.

4       6.    Plaintiffs are informed and believes, and based thereon alleges, that Defendant

5   OFFICERS, are and at all pertinent times were, individuals and law enforcement personnel

6   employed in the CITY OF GARDENA by Defendants CITY and supervised and controlled by

7   Defendants CITY as well as through other policymakers and managers of CITY and GPD.

8       7.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

9   STEVE KIM (herein "KIM"), is and at all pertinent times was, an individual employed by CITY

10  OF GARDENA and GPD.

11      8.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

12  BRIAN PARK (herein "PARK"), is and at all pertinent times was, an individual employed by

13  CITY OF GARDENA and GPD.

14      9.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

15  ARNOLD PETERSON (herein "PETERSON"), is and at all pertinent times was, an individual

16  employed by CITY OF GARDENA and GPD.

17      10.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

18  MAYDA ZELAYA (herein "ZELAYA"), is and at all pertinent times was, an individual

19  employed by CITY OF GARDENA and GPD.

20      11.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

21  CHAD AMERINE (herein "AMERINE"), is and at all pertinent times was, an individual

22  employed by CITY OF GARDENA and GPD.

23      12.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

24  JASON HOOKER (herein "HOOKER"), is and at all pertinent times was, an individual employed

25  by CITY OF GARDENA and GPD.

26      13.    Plaintiffs are informed and believe, and based thereon allege, that Defendant

27  NICHOLAS BEERLING (herein "BEERLING"), is and at all pertinent times was, an individual

28  employed by CITY OF GARDENA and GPD.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

14. Plaintiffs are informed and believe, and based thereon allege, that Defendant MARK THOMPSON (herein "THOMPSON"), is and at all pertinent times was, an individual employed by CITY OF GARDENA and GPD.

15. Plaintiffs are informed and believe, and based thereon allege, that Defendant WILLIAM MCREYNOLDS (herein "MCREYNOLDS"), is and at all pertinent times was, an individual employed by CITY OF GARDENA and GPD.

16. Plaintiffs are informed and believe, and based thereon allege, that Defendant GEORGE BUKHIN (herein "BUKHIN"), is and at all pertinent times was, an individual employed by CITY OF GARDENA and GPD.

17. In doing the acts alleged in this Complaint, Defendant OFFICERS were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Defendants CITY and GPD and the State of California and under the authority of their respective offices and pursuant to the course and scope of their employment as a GPD officer.

18. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California.

19. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1- 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Defendants Does 1 through 100 were police officers, officials, employees, and/or agents of Defendants CITY. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

20. At all times relevant herein, each Defendant named herein including all fictitiously named defendants Does 1 through 100, herein was an owner, employer either individually or jointly with others, agent, partner, joint-venturer, representative, servant, employee and/or coconspirator of each of the other Defendants, and was at all times mentioned herein acting within

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  the course and scope of said agency and employment, and that all acts or omissions alleged herein

2  were duly committed with the ratification, knowledge, permission, encouragement, authorization

3  and consent of each Defendants designated herein.

4        21.    Defendants, and each of them, were the agents, employees and servants of each

5  other and were acting at all times within the full course and scope of their agency and

6  employment, with the full knowledge and consent, either expressed or implied, of their principal

7  and/or employer and each of the other named Defendants, and each of the Defendants had

8  approved or ratified the actions of the other Defendants thereby making all named Defendants

9  herein liable for the acts and/or omissions of their agents, servants and/or employees.

10       22.    Plaintiffs will amend this Complaint to allege such defendants' true names and

11  capacities when same have been ascertained. Plaintiffs are informed and believes and thereon

12  alleges that each of the fictitiously named Defendants is responsible in some manner for the acts

13  and occurrences herein alleged, whether such acts and occurrences were committed intentionally,

14  negligently, recklessly or otherwise and that each said DOE defendant is liable to Plaintiffs for

15  the damages claimed herein. Plaintiffs s are informed and believes and thereupon alleges that each

16  of the Defendants herein fictitiously named as a DOE is legally responsible, negligently or in

17  some other actionable manner, for the events and happenings hereinafter referred, and therefore,

18  proximately caused the injuries and damages to Plaintiffs as herein alleged.

19       23.    On November 10, 2020, Plaintiff presented Defendant CITY with a Claim for

20  Damages sustained as a result of the incident described in this Complaint, and apprising

21  Defendant of the substance of the claims asserted herein, pursuant to California Government Code

22  §§ 905, 910, *et seq.* On November 24, 2020, an amended Claim Form was presented to the City.

23       24.    On December 25, 2020, Plaintiff's Claim was rejected as a matter of law pursuant

24  to California Government Code § 911.6.

25       25.    Plaintiff has exhausted all administrative remedies and the current action is being

26  timely filed within the statute of limitations.

27               **FACTS SHARED BY ALL CAUSES OF ACTION**

28       26.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

27.     On May 25, 2020, Mr. DOUGLAS drove his truck out of his driveway so that his neighbor could leave the premises. The residential home has one driveway with tandem parking. Therefore, Mr. DOUGLAS, at the request of his neighbor, moved his truck so that the neighbor could drive their car out of the driveway.

28.     Mr. DOUGLAS drove his truck around the block and entered his driveway.

29.     As Mr. DOUGLAS pulled into his driveway, GPD officers activated their lights and/or sirens and followed Mr. DOUGLAS to his home.

30.     Mr. DOUGLAS remained in his vehicle and waited for GDP officers to approach his driver's side window. Upon information and belief, GDP officers KIM and PARK ordered Mr. DOUGLAS to put his hands on the wheel. Mr. DOUGLAS complied with officer commands.

31.     Upon information and belief, GDP officers KIM and PARK ordered Mr. DOUGLAS to get out of his vehicle. Mr. DOUGLAS exited his vehicle.

32.     As soon as Mr. DOUGLAS exited the vehicle, GDP officers believed to be KIM and PARK attacked Mr. DOUGLAS. GDP officers KIM and PARK began to push and/or pull Mr. DOUGLAS in opposite directions, and he lost his balance. At no time during the physical altercation did Mr. DOUGLAS resist and/or combat officers.

33.     Defendants believed to be PARK deployed a Taser at Mr. DOUGLAS while he was restrained by defendant KIM, compliant, and with his hands up in surrender:



McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

34.     Upon information and belief, officers known to be PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and/or DOES 1-100 pointed their firearms at Mr. DOUGLAS.

35.     After being Tasered, Mr. DOUGLAS fell on his face onto the concrete.

36.     Defendant officers began to punch and/or kick Mr. DOUGLAS as he was on the ground, compliant and not resisting.

37.     Again, Mr. DOUGLAS was Tasered as two officers placed their body weight on his back.

38.     Mr. DOUGLAS was thereafter arrested although he had committed no crime.

39.     Mr. DOUGLAS was taken to Memorial Hospital of Gardena prior to transport to jail.

40.     Upon information and belief, defendant PETERSON drove Mr. DOUGLAS's truck around the block and parked it on the street.   Mr. DOUGLAS's car was thereafter impounded and sold at auction.

41.     As a direct and proximate result of the direct actions by Defendant officers and Doe Defendants on May 25, 2020, Plaintiff has sustained both physical and emotional injuries, along within embarrassment, humiliation, mental anguish, emotional distress, and ongoing nightmares regarding the incident.

42.     At all times relevant hereto, Defendants CITY by and through GPD were responsible for the training of all defendant officers regarding the proper use of force, and interactions with persons who have been detained and/or seized. Defendant Officers were trained by the CITY, at the direction, special insistence, and under the control of Defendants CITY in accordance with the statutes, ordinances, regulations, customs, and usages of Defendants CITY and the State of California. Defendant CITY was also responsible for enforcing the regulations of the GPD and for ensuring that law enforcement personnel of the GPD obeyed the laws of the State of California and the United States of America.

43.     Defendants CITY, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1   engaged in a pattern and practice of purposefully abridging the rights, constitutional and

2   otherwise, of persons within their jurisdiction. Despite such notice, the CITY and GPD, and

3   certain of the DOE DEFENDANTS, and each of them, demonstrated deliberate indifference to

4   this pattern and practice of violations of rights by failing to take necessary, appropriate, or

5   adequate measures to ensure the cessation of such conduct. This deliberate indifference of the

6   Defendants amounts to an informal policy or custom, and ratification, said policy or custom

7   ratified being another proximate cause of the injury to Plaintiff.

8                          **FIRST CAUSE OF ACTION**

9              **UNLAWFUL SEIZURE, 42 U.S.C. § 1983**

10            **(Against Defendants PARK, KIM, and DOES 1-100)**

11        54.    Plaintiff re-alleges and incorporates by reference each and every allegation

12   contained in this complaint as though set forth herein in full.

13        55.    Upon information and belief, Defendants currently known to be KIM, PARK, and

14   DOES 1-100 unlawfully seized Mr. DOUGLAS in violation of 42 U.S.C. § 1983 and the Fourth

15   Amendment.

16        56.    Upon information and belief, Defendants currently known to be KIM and PARK

17   initiated a traffic stop without justification.  The unlawful seizure of Mr. DOUGLAS, who did

18   not break any traffic rules or laws and who presented no danger to society, shocks the conscience.

19        57.    Mr. DOUGLAS had driven his truck around the block so that his neighbor could

20   exit the tandem parking spot/driveway.

21        58.    Defendants KIM and PARK followed Mr. DOUGLAS into his home driveway.

22        59.    Defendants KIM and PARK were unreasonable in using their authority to seize

23   Mr. DOUGLAS. They did not have articulable facts that would cause a reasonable officer to

24   believe that criminal activity was afoot, or that Mr. DOUGLAS had committed a crime.

25        60.    Mr. DOUGLAS complied with officer commands. Nevertheless, defendant

26   officers attacked Mr. DOUGLAS when he exited his vehicle and deployed a Taser at Mr.

27   DOUGLAS without justification.

28        61.    Mr. DOUGLAS did not feel free to leave, and did not feel free to otherwise

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1   terminate the encounter with Defendants KIM and PARK.

2       62.    Defendants KIM and PARK unjustly deprived Mr. DOUGLAS of his liberty.

3       63.    On information and belief, a reasonable law enforcement officer would not have
4   seized Mr. DOUGLAS under the same circumstances because: (a) Mr. DOUGLAS was not in
5   violation of any traffic laws and defendant officers did not have articulable facts that would cause
6   a reasonable officer to believe that criminal activity was afoot, or that Mr. DOUGLAS had
7   committed a crime, (b) Mr. DOUGLAS complied with officer commands and presented no threat
8   and/or danger to the officers; and (c) there were several alternative means of responding to the
9   situation without unlawfully seizing Mr. DOUGLAS and deploying a Taser while he was
10  cooperative and restrained.

11      64.    At all times herein, Defendants KIM, PARK, and DOES 1-100 were acting within
12  the course and scope of their employment as police officers within GPD.

13      65.    Defendants KIM, PARK, and DOES 1-100 acted under color of law and knew that
14  detaining Mr. DOUGLAS without reasonable suspicion in these circumstances was illegal under
15  clearly established law.

16      66.    The conduct alleged herein caused Mr. DOUGLAS to be deprived of his civil
17  rights that are protected under the United States Constitution, California Constitution, and federal
18  and state laws. The actions of Defendants KIM, PARK, and DOES 1-100 have legally,
19  proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer physical injury,
20  emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further
21  general and special damages according to proof at the time of trial.

22      67.    As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs
23  and attorney fees under 42 U.S.C. § 1988.

24      68.    In committing the acts described above, Plaintiff is informed and believes
25  Defendants KIM, PARK, and DOES 1-100 acted with oppression, fraud, or malice, entitling
26  Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil
27  Procedure § 337.34 against Defendants KIM, PARK, and DOES 1- 100 in an amount according
28  to proof at time of trial.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

---

**9**
COMPLAINT AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

**EXCESSIVE FORCE, 42 U.S.C. § 1983**

**(Against Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER,**

**BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100)**

69.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

70.     Mr. DOUGLAS had a clearly established right under the Fourth Amendment to be free from official infliction of excessive force.

71.     Mr. DOUGLAS had committed no crime.

72.     Mr. DOUGLAS did not actively resist or attempt to evade defendant officers by flight.

73.     Mr. DOUGLAS complied with defendant officer commands.

74.     Mr. DOUGLAS did not act erratically or make any threatening gestures or movements. Mr. DOUGLAS was not armed or displaying any type of weapon. Defendants had no basis to believe Mr. DOUGLAS had committed a crime.

75.     Mr. DOUGLAS posed no threat to Defendants KIM, PARK, and DOES 1-100 when they attacked Mr. DOUGLAS after he exited the vehicle, or when they deployed a Taser while he was restrained with his hands up. Mr. DOUGLAS had committed no crime and did not pose a threat, thereby constituting excessive force.

76.     As a result, the use of excessive force was objectively unreasonable under the totality of the circumstances. The excessive force used was also performed with a deliberate indifference to the safety and welfare of Mr. DOUGLAS. Defendants' actions thus deprived Mr. DOUGLAS of his right to be free from the use of excessive force by law enforcement and secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution.

77.     Defendant officers known to be PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and/or DOES 1-100 pointed their firearms at Mr. DOUGLAS.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

78.     Defendant officers known to be PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 did not intervene to protect Mr. DOUGLAS despite witnessing the excessive force employed by KIM, PARK, and/or other DOE officers. They were able to intervene to halt this unconstitutional conduct. Their refusal to intervene violated their constitutional and moral duty to protect and serve the public.

79.     At all times herein, Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 were acting within the course and scope of their employment as police officers within GPD.

80.     Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 acted under color of law and knew that going hands on and/or deploying a taser Mr. DOUGLAS without justification in these circumstances constituted the use of excessive force under clearly established law.

81.     The conduct alleged herein caused Mr. DOUGLAS to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100  have legally, proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further general and special damages according to proof at the time of trial.

82.     As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

83.     In committing the acts described above, Plaintiffs are informed and believes Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100  in an amount according to proof at time of trial.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**THIRD CAUSE OF ACTION**

**FALSE ARREST, 42 U.S.C. § 1983**

**(Against Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER,**

**BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100)**

84.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as set forth herein in full.

85.     Mr. DOUGLAS had a clearly established right under the Fourth Amendment to be free from unreasonable seizure.

86.     KIM, PARK, and DOES 1-100 violated Mr. DOUGLAS's Fourth Amendment right when they arrested him without probable cause.

87.     Upon information and belief, during the entire incident, Mr. DOUGLAS had committed no crime.

88.     There were no particular facts and circumstances that would warrant a reasonable officer to conclude that Mr. DOUGLAS had committed a crime.

89.     There was no individualized suspicion to justify a seizure or detention of Mr. DOUGLAS.

90.     Defendants PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOE officers 1-100 did not intervene during the alleged unconstitutional arrest by KIM and PARK despite having the opportunity to do so.

91.     Defendant officers falsely arrested Mr. DOUGLAS without probable cause in violation of his constitutionally protected rights under the Fourth Amendment.

92.     At all times herein, Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 were acting within the course and scope of their employment as police officers within GPD.

93.     Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 acted under color of law and knew that arresting Mr. DOUGLAS without probable cause in these circumstances was illegal under clearly established law.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

94.     The conduct alleged herein caused Mr. DOUGLAS to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100  have legally, proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further general and special damages according to proof at the time of trial.

95.     As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

96.     In committing the acts described above, Plaintiffs are informed and believes Defendant OFFICERS KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1- 100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1- 100 in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION 42 U.S.C. §1983

## VIOLATION OF DUE PROCESS

### (Against Defendants KIM, PARK, and DOES 1-100)

97.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein full.

98.     The Substantive Due Process clause forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty.

99.     Defendants KIM and PARK and DOES 1-100 initiated an arbitrary traffic stop and employed excessive force onto Mr. DOUGLAS without justification in violation of the Due Process Clause of the Fourteenth Amendment.

100.    The actions of Defendants KIM and PARK and DOES 1-100 shocks the conscience.

101.    Mr. DOUGLAS complied with all defendant officer commands.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1  102. Mr. DOUGLAS posed no threat to Defendants KIM, PARK, and DOES 1-100

2 when they attacked Mr. DOUGLAS after he exited the vehicle, or when they deployed a Taser

3 while he was restrained with his hands up.

4  103. Defendants KIM and PARK and DOES 1-100 had the ability to reflect on their

5 course of conduct before engaging in the use of excessive force, and violating Mr. DOUGLAS's

6 liberty interest in his bodily security.  Defendant officers affirmatively placed Mr. DOUGLAS in

7 a position of danger.  Defendant officers consciously disregarded a substantial risk of serious

8 harm.

9  104. As a result, Mr. DOUGLAS was Tasered, unlawfully arrested, his vehicle was

10 illegally driven and thereafter impounded, resulting in numerous other violations to his person

11 and privacy.

12  105. At all times herein Defendants KIM and PARK and DOES 1-100 were acting

13 within their scope and employment as police officers within GPD.

14  106. The conduct alleged herein caused Mr. DOUGLAS to be deprived of his civil

15 rights that are protected under the United States Constitution, California Constitution, and federal

16 and state laws. The actions of Defendants KIM and PARK, and DOES 1- 100 have legally,

17 proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer physical injury,

18 emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further

19 damages according to proof at the time of trial.

20  107. As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs

21 and attorney fees under 42 U.S.C. § 1988.

22  108. The conduct alleged herein was done in with oppression, fraud, malice, and/or

23 deliberate or reckless disregard of constitutionally protected rights, justifying an award of

24 exemplary damages against Defendants KIM and PARK, and DOES 1- 100 in an amount

25 according to proof at the time of trial in order to deter defendant officers from engaging in similar

26 conduct and to make an example by way of monetary punishment.

27 ///

28 ///

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983**

**(Against Defendants CITY OF GARDENA)**

109.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

110.   The CITY, and DOES 1- 100 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the GPD necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

111.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants CITY acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Mr. DOUGLAS.

112.   Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the GPD which resulted in the excessive use of force and wrongful arrest of Mr. DOUGLAS.

113.   The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused Mr. DOUGLAS to suffer general and special damages according to proof at the time of trial.

114.   Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

115.   In committing the acts described above, Plaintiffs are informed and believes Defendant OFFICERS and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1- 100 in an amount according to proof at time of trial.

///

///

///

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

### SIXTH CAUSE OF ACTION

### RATIFICATION, *MONELL*

### (Against Defendants CITY OF GARDENA)

116.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

117.   Defendant OFFICERS employed excessive force, failed to properly engage Mr. DOUGLAS during the vehicle stop, and falsely arrested Mr. DOUGLAS.

118.   Defendants CITY, and DOES 1- 100 maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty and property.

119.   Defendants either knew or had constructive knowledge that it should train its law enforcement personnel to follow all laws governing vehicle stops, detentions, use of force, and arrests.

120.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of defendant officers, Defendants CITY acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Mr. DOUGLAS.

121.   The conduct alleged herein violated Mr. DOUGLAS's right alleged above which has legally, proximately, foreseeably, and actually caused Plaintiffs to suffer general and special damages according to proof at the time of trial.

122.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

123.   In committing the acts described above, Plaintiffs are informed and believes Defendant OFFICERS CITY and DOES 1-100 acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages against Defendant OFFICERS and DOES 1-100 in an amount according to proof at time of trial.

///

///

**SEVENTH CAUSE OF ACTION**

**UNCONSTITUTIONAL POLICY, *MONELL***

**(Against Defendants CITY OF GARDENA)**

124.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein full.

125.   Defendants CITY and Defendant OFFICERS maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*"), of employing excessive force, and depriving persons of life, liberty and property.

126.   The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws and is essentially a direction that all persons similarly situated should be treated alike.

127.   Defendants KIM and PARK and DOES 1-100 violated Mr. DOUGLAS's constitutionally protected right by engaging in a vehicle stop that was predicated on the way that Mr. DOUGLAS looked, and without legal justification to initiate a detention.

128.   Defendants KIM and PARK and DOES 1-100 not only acted deliberately against Mr. DOUGLAS, but also singled him out for selective enforcement on an impermissible basis.

129.   Defendants acted with an intent or purpose to discriminate against Mr. DOUGLAS based upon membership in a protected class pursuant to GPD policy and/or procedure.

130.   Defendants KIM, PARK, and DOES 1-100 acted under color of law and knew that racially discriminating and/or profiling Mr. DOUGLAS in these circumstances was illegal under clearly established law.

131.   Defendants KIM, PARK, and DOES 1-100 acted pursuant to GPD policy and/or procedure when they engaged in the aforementioned discriminatory conduct.

132.   Defendant CITY maintained an unconstitutional policy to permit law enforcement officers to engage in vehicle stops for persons who had committed no crime and/or infraction based upon the appearance of said person and based upon discriminatory profiling of persons.

133.   The unconstitutional policy set forth above was a direct cause of Mr. DOUGLAS's

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

---

**17**
COMPLAINT AND DEMAND FOR JURY TRIAL

1    injuries in this case.

2         134.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other

3    wrongful acts, Defendants CITY and DOES 1-100 acted with an intentional, reckless, and callous

4    disregard for the life and constitutional and human rights of Mr. DOUGLAS.

5         135.   The conduct alleged herein violated Mr. DOUGLAS rights alleged above, which

6    has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special

7    damages according to proof at the time of trial.

8         136.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42

9    U.S.C. § 1988.

10        137.   In committing the acts described above, Plaintiff is informed and believes

11   Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive

12   damages against defendants in an amount according to proof at time of trial.

### EIGTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

16        138.   Plaintiff re-alleges and incorporates by reference each and every allegation

17   contained in this complaint as though set forth herein in full.

18        139.   Defendant OFFICERS and DOES 1- 100 were police officers acting within the

19   course and scope of their employment who negligently, carelessly, and without reasonable care

20   used excessive force against Mr. DOUGLAS and falsely arrested him although he had committed

21   no crime. Alternatively, at the time and place described above, each of the Defendants came upon

22   Mr. DOUGLAS and negligently, carelessly and/or recklessly concluded that he presented a risk

23   of serious injury or harm to one of them, thereby necessitating the use of excessive force against

24   him.

25        140.   Defendant OFFICERS KIM, PARK, and DOES 1 through 100, and each of them,

26   had the duty to exercise ordinary care towards Mr. DOUGLAS and should have known that

27   subjecting him to conduct described herein would lead to bodily injury and foreseeably cause the

28   Plaintiffs suffer harm.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

---

**18**
COMPLAINT AND DEMAND FOR JURY TRIAL

141.    Defendant OFFICERS KIM, PARK, and DOES 1- 100, breached their legal duty by failing to act reasonably in light of the circumstances.

142.    Defendant OFFICERS PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1 -100 had the opportunity to intervene and failed to do so, thereby breaching their legal duty and failed to act reasonably in light of the circumstances.

143.    The CITY is vicariously liable for the wrongful acts of Defendant OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

144.    As a direct and proximate result of the foregoing, Plaintiffs have been deprived of the well- being and care, comfort, and society to their general damages according to proof.

## NINTH CAUSE OF ACTION

### FALSE IMPRISONMENT

### (Against All Defendants)

145.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

146.    Defendants KIM and PARK and DOES 1- 100 intentionally caused Mr. DOUGLAS to be confined to a bounded area against Mr. DOUGLAS's will.

147.    Upon information and belief, Defendant officers and/or DOES 1- 100 employed handguns to create a physical barrier so that Mr. DOUGLAS was confined.

148.    Defendants KIM and PARK and DOES 1- 100 did not assert any valid legal authority when arresting Mr. DOUGLAS.

149.    Mr. DOUGLAS was aware of the confinement.

150.    Mr. DOUGLAS had no reasonable means of escape.

151.    Mr. DOUGLAS did not consent to the confinement.

152.    Mr. DOUGLAS was in fact harmed as a legal result of the above-described threat.

153.    As a result of the defendants' conduct as described here, Mr. DOUGLAS suffered

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1   physical and emotional pain and injury to his mind and body, all in an amount to be determined

2   according to proof at trial.

3       154.      The CITY is vicariously liable for the wrongful acts of defendant officers pursuant

4   to section 815.2 of the California Government Code, which provides that a public entity is liable

5   for the injuries caused by its employees within the scope of the employment if the employee's act

6   would subject him or her to liability.

7       155.      The actions of defendants have legally, proximately, foreseeably, and actually

8   caused Mr. DCUGLAS to suffer physical injury, emotional distress, pain and suffering, unjust

9   deprivation of his liberty and freedom, and further damages according to proof at the time of trial.

10   In doing the acts alleged in this complaint, each of the Defendants KIM, PARK, PETERSON,

11   ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and

12   DOES 1- 100 know, or through the exercise of reasonable diligence should have known that their

13   actions were likely to injure Mr. DOUGLAS. Plaintiff is informed and believes, and thereon

14   alleges, that each of those defendant officers intended to cause Mr. DOUGLAS injury and acted

15   with a malicious, willful, and conscious disregard for his rights. Mr. DOUGLAS did nothing to

16   justify the use of severe and malicious force against him. The unjustified confinement was in

17   whole or in part on account of his race and tattoos, and with the intent to maliciously deprive him

18   of his constitutional rights and/or to inflict injury on him. Accordingly, the conduct of Defendants

19   and DOES 1- 100 in using excessive force against Mr. DOUGLAS justifies the awarding of

20   punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

21   <center>**TENTH CAUSE OF ACTION**</center>

22   <center>**ASSAULT**</center>

23   <center>**(Against All Defendants)**</center>

24       156.      Plaintiffs re-allege and incorporate by reference each and every allegation

25   contained in this complaint as though set forth herein in full.

26       157.      Plaintiffs are informed and believes that Defendants KIM, PARK and DOES 1-

27   100, with the knowledge, permission, and consent of Defendants CITY, used excessive force

28   against him though Mr. DOUGLAS had not posed any reasonable threat of death or serious bodily

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    injury to anyone.

2        158.    Defendants KIM, PARK, and DOES 1-100 acted with an intent to cause

3    apprehension of immediate harmful and/or offensive bodily contact when he/she/they pointed

4    their Taser at Mr. DOUGLAS. Defendants known to be PETERSON, ZELAYA, AMERINE,

5    HOOKER, BEERLING, THOMPSON, MCREYNOLDS, and/or BUKHIN pointed their guns at

6    Mr. DOUGLAS

7        159.    Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER,

8    BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 acted with an intent

9    to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they

10   painted their Taser and firearms at Mr. DOUGLAS.

11       160.    Mr. DOUGLAS reasonably believed that he was going to be touched in a harmful

12   or offensive manner.

13       161.    It reasonably appeared to Mr. DOUGLAS that defendant officers were going to

14   carry out this threat, and Mr. DOUGLAS did not consent to this threat.

15       162.    In doing the acts alleged in this complaint, each of the Defendants KIM, PARK,

16   PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS,

17   BUKHIN, and DOES 1-100 knew, or through the exercise of reasonable diligence should have

18   known that their actions were likely to injure and cause harm to Mr. DOUGLAS. Plaintiffs s are

19   informed and believes, and thereon alleges, that each of those Defendants intended to cause him

20   injury and/or death and acted with a malicious, willful and conscious disregard for his rights. Mr.

21   DOUGLAS did nothing to justify the use of severe and malicious force against him. Accordingly,

22   the conduct of Defendant OFFICERS and DOES 1 through 100 in using excessive force against

23   Mr. DOUGLAS justifies the awarding of punitive damages against each of the individual

24   Defendants pursuant to Civil Code § 3294.

25       163.    The CITY is vicariously liable for the wrongful acts of Defendants KIM, PARK,

26   PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS,

27   BUKHIN, and DOES 1-100 pursuant to section 815.2 of the California Government Code, which

28   provides that a public entity is liable for the injuries caused by its employees within the scope of

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  the employment if the employee's act would subject him or her to liability.

## ELEVENTH CAUSE OF ACTION

## BATTERY

### (Against CITY, KIM, PARK, and DOES 1-100)

164.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

165.     Plaintiffs are informed and believes that Defendants KIM, PARK and DOES 1-100, with the knowledge, permission, and consent of Defendants CITY, used excessive force against him though Mr. DOUGLAS had not posed any reasonable threat of death or serious bodily injury to anyone.

166.     Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they attacked Mr. DOUGLAS and pointed their Taser at Mr. DOUGLAS.

167.     Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they went hands on and deployed the Taser onto Mr. DOUGLAS.

168.     The harmful and/or offensive bodily contact did in fact occur.

169.     The harmful and/or offensive bodily contact was not privileged.

170.     Mr. DOUGLAS did not consent to harmful and/or offensive bodily contact used against him.

171.     The harmful and/or offensive bodily contact employed by Defendant OFFICERS was not reasonable.

172.     In doing the acts alleged in this complaint, each of the Defendant OFFICERS and DOES 1 through 100 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to Mr. DOUGLAS. Plaintiffs s are informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful and conscious disregard for his rights. Mr. DOUGLAS did nothing to justify the use of severe and malicious force against him. Accordingly,

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  the conduct of Defendant OFFICERS and DOES 1 through 100 in using excessive force against

2  Mr. DOUGLAS justifies the awarding of punitive damages against each of the individual

3  Defendants pursuant to Civil Code § 3294.

4      173.      The CITY is vicariously liable for the wrongful acts of Defendant OFFICERS

5  pursuant to section 815.2 of the California Government Code, which provides that a public entity

6  is liable for the injuries caused by its employees within the scope of the employment if the

7  employee's act would subject him or her to liability.

8  **TWELFTH CAUSE OF ACTION**

9  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

10  **(Against All Defendants)**

11      174.      Plaintiffs re-allege and incorporate by reference each and every allegation

12  contained in this complaint as though set forth herein in full.

13      175.      The conduct of Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE,

14  HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 in causing

15  Mr. DOUGLAS's unlawful detention, false arrest, the use of excessive force, racial

16  discrimination, and the resulting physical injuries was outrageous and exceeds the bounds

17  tolerated in a civil society.

18      176.      Mr. DOUGLAS had committed no crime but was pulled over by Defendants KIM

19  and PARK due to racial profiling.

20      177.      Defendants KIM and PARK contravened basic police policy and practice when

21  they went hands on with Mr. DOUGLAS although he complied with officer commands, had

22  committed no violent crime, and did not pose a threat. Upon information and belief, defendant

23  PARK deployed a Taser at Mr. DOUGLAS while he was restrained by defendant KIM,

24  compliant, and with his hands up in surrender.

25      178.      Defendants PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING,

26  THOMPSON, MCREYNOLDS, BUKHIN, and/or DOES 1-100 pointed their firearms at Mr.

27  DOUGLAS although he complied with officer commands, had committed no violent crime, and

28  did not pose a threat.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**23**

COMPLAINT AND DEMAND FOR JURY TRIAL

179.     Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1- 100 willfully and/or recklessly violated Mr. DOUGLAS's constitutional rights.

180.     The actions of defendants amount to extreme and outrageous conduct.

181.     Mr. DOUGLAS was in fact harmed as a legal result of the above-described threat.

182.     Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1- 100 have state sanctioned power to deprive someone of their liberty. Defendants are required to act within the bounds of the Constitution due to these awesome powers. Defendants intentionally violated Mr. DOUGLAS's Constitutional rights, which constitute conduct that exceeds all bounds tolerated by a civilized society.

183.     Defendants were aware that engaging in this willful and/or reckless conduct had a probability of causing Mr. DOUGLAS to suffer from severe emotional distress.

184.     The actions of defendants have legally, proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer severe emotional distress.

185.     As a result of the defendants' conduct as described here, Mr. DOUGLAS suffered physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

186.     The CITY is vicariously liable for the wrongful acts of defendant officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

187.     The actions of defendants have legally, proximately, foreseeably, and actually caused Mr. DOUGLAS to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further damages according to proof at the time of trial. In doing the acts alleged in this complaint, Defendants KIM,  PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1- 100, or through the exercise of reasonable diligence should have known that their actions were

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1    likely to injure Mr. DOUGLAS. Plaintiff is informed and believes, and thereon alleges, that each

2    of those defendant officers intended to cause Mr. DOUGLAS injury and acted with a malicious,

3    willful, and conscious disregard for his rights. Mr. DOUGLAS did nothing to justify the use of

4    severe and malicious force against him. Mr. DOUGLAS was unarmed and had not posed any

5    reasonable threat to any person or officer at the scene. The unjustified use of severe and malicious

6    force against him was inflicted, in whole or in part, on account of his race, and with the intent to

7    maliciously deprive him of his constitutional rights and/or to inflict injury on him. Accordingly,

8    the conduct of Defendant officers and DOES 1- 100 as set forth above, justifies the awarding of

9    punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

<div align="center">

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF RALPH ACT, CAL. CIVIL CODE § 51.7**

**(Against All Defendants)**

</div>

13    188.    Plaintiffs repeat and re-allege all prior paragraphs of this Complaint and

14    incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

15    189.    Plaintiffs are informed and believe that each of the Defendants KIM, PARK,

16    PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS,

17    BUKHIN, and DOES 1-100 decided to use excessive force upon the person of Mr. DOUGLAS

18    as a result of their prejudice against him because of his race. Plaintiffs contend that the Defendants

19    would not have used excessive force against Mr. DOUGLAS all over the head and body had he

20    not been of a minority race.

21    190.    Consequently, in choosing to exercise severe and malicious force against Mr.

22    DOUGLAS, each of the Defendant OFFICERS and DOES 1 through 100 discriminated against

23    him on account of his race and tattoos and deprived him of civil rights protected under the

24    California Constitution.

25    191.    In committing the acts described above, each of the Defendants violated Mr.

26    DOUGLAS's right to be free from violence and intimidation by threats of violence, as guaranteed

27    him by Civil Code § § 51.7 and 43, in that Defendants used excessive force against Mr.

28    DOUGLAS and intimidated him by threatening to so use excessive force.

<div align="center">

25

COMPLAINT AND DEMAND FOR JURY TRIAL

</div>

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

192.   As a further legal result of the Defendants' conduct as described here Mr. DOUGLAS suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

193.   In doing the acts alleged in this complaint, each of the Defendant OFFICERS and DOES 1 through 100, knew or through the exercise of reasonable diligence should have known, that their actions were highly likely to injure Mr. DOUGLAS. Plaintiffs are informed and believe, and on that basis allege, that each of those defendants intended to cause Mr. DOUGLAS injury and acted with a malicious, willful and conscious disregard for his rights as secured by Civil Code § 51.7. Mr. DOUGLAS did nothing to justify the use of excessive force against him or to warrant a seizure and/or arrest. He had committed to crime and did not pose any reasonable threat of death or serious bodily harm to any person at or about the scene. The unjustified use of excessive force against him was inflicted, in whole or in part, on account of his race and with the intent to deny him of his civil rights maliciously and oppressively, and/or to deprive him of his life, and/or to inflict severe bodily injury on him. Accordingly, the conduct of Defendant OFFICERS and DOES 1 through 100 in using excessive force against Mr. DOUGLAS justifies the awarding of punitive damages against each of the Defendants pursuant to Civil Code § 52(b)(1) and Civil Code § 3294.

194.   As a further legal result of this civil rights violation, the Plaintiffs seek the award of reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

195.   As a further legal result of this civil rights violation, the Plaintiffs seek in addition to the other damages stated here, the statutory civil penalty of $25,000 per wrongdoer, and exemplary fees, except as to Defendants CITY, and DOES 1 through 50, pursuant to Civil Code § 52(b)(1)(2).

196.   Defendants CITY is vicariously liable for the wrongful acts of Defendant OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

**FOURTEENTH CAUSE OF ACTION**

**VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1**

**(Against All Defendants)**

197.     Plaintiffs repeats and re-allege all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

198.     The California Legislature declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion.

199.     Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and DOES 1-100 while working as an officer for the CITY, and acting within the course and scope of their official duties, interfered with and/or attempted to interfere with the rights of Mr. DOUGLAS to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation, as set forth above.

200.     On information and belief, Mr. DOUGLAS reasonably believed that if he exercised his constitutional rights to be free from unreasonable searches and seizures and unreasonable excessive force, Defendant officers would commit acts involving violence, threats, coercion or intimidation against her person.

201.     This interference with Mr. DOUGLAS's rights was perpetrated in violation of California Civil Code § 52.1 and Mr. DOUGLAS's right to liberty and to be free from excessive force and wrongful detention under the California and Federal Constitutions.

202.     The conduct alleged herein violated Mr. DOUGLAS's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

203.     As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

204.     Defendants' violation of Plaintiff's rights as guaranteed by Cal. Civ. Code § 52.1 entitles Plaintiffs to reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code §§ 52.1, subd. (h), 52(b)(3). Plaintiffs are also entitled to injunctive and/or declaratory relief thereon.

205.     In committing the acts described above, Plaintiffs are informed and believe Defendants KIM, PARK, PETERSON, ZELAYA, AMERINE, HOOKER, BEERLING, THOMPSON, MCREYNOLDS, BUKHIN, and/or DOES 1-100 acted with a willful and conscious disregard of Plaintiff's rights as secured by Cal. Civ. Code § 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Cal. Civ. Code § 52, subd. (b)(1).

206.     Defendants CITY is vicariously liable for the wrongful acts of Defendant OFFICERS and DOES 1-100 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  For general damages in an amount to be determined according to proof at trial;

2.  For medical expenses, loss of wages and/or earning capacity, and related expenses in an amount to be determined according to proof at trial;

3.  For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;

4.  For punitive damages against each of the defendants except Defendant CITY pursuant to Civil Code § 52(b)(1) and/or Civil Code § 3294;

5.  For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the defendants except Defendant CITY, and for injunctive and/or declaratory relief thereon;

6.  For injunctive and declaratory relief;

7.  For costs of suit;

8.  For legal interest on the judgment;

9.  For such other and further relief as the Court deems just and proper.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

DATED: June 1, 2021

**MCMURRAY HENRIKS, LLP**

By: _____

**Randy H. McMurray, Esq.**
**Yana G. Henriks, Esq.**
**Lauren I. Freidenberg, Esq.**
Attorneys for Plaintiff ROSHAWN DOUGLAS

1

## DEMAND FOR JURY TRIAL

Plaintiff ROSHAWN DOUGLAS hereby demands a jury trial.

DATED: June 1, 2021                    **MCMURRAY HENRIKS, LLP**

By: _____

**Randy H. McMurray, Esq.**
**Yana G. Henriks, Esq.**
**Lauren I. Freidenberg, Esq.**
Attorneys for Plaintiff ROSHAWN DOUGLAS

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

30

COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2021 10:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
21STCV20536

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|
| | CITY CLERK'S OFC<br><br>'21 JUL 2 PM 3:38 |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF GARDENA, a California municipal entity; STEVE KIM, an individual; BRIAN PARK, an individual; (Additional Parties Attachment Form is Attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSHAWN DOUGLAS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV20536** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yana G. Henriks, Esq., McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017, (323) 931-6200

| DATE:<br>*(Fecha)* 06/04/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* | , Deputy<br>*(Adjunto)* M. Mariano |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Gardena
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Roshawn Douglas v. City of Gardena, et al. | 21STCV20536 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [x] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ARNOLD PETERSON, an individual;
MAYDA ZELAYA, an individual;
CHAD AMERINE, an individual;
JASON HOOKER, an individual;
NICHOLAS BEERLING, an individual;
MARK THOMPSON, an individual;
WILLIAM MCREYNOLDS, an individual;
GEORGE BUKHIN, an individual;
DOES 1-100, inclusive

Page    2    of    2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 42 of 103   Page ID #:42

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>TELEPHONE NO: 323-931-6200        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT:  CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [X]  Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [X]  other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      ARNOLD PETERSON
   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   a. [X]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date)*:  Wed, Jul 07 2021          (2) at *(time)*:   04:23 PM
   b. [ ]  by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in
          item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to
              be served. I informed him or her of the general nature of the papers.
      (2) [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of
              the party. I informed him or her of the general nature of the papers.
      (3) [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
              person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature
              of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
              where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
              from *(city)*:                                            or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 1 of 2<br>Code of Civil Procedure, § 417.10

Page 000042

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item
4, by first-class mail, postage prepaid,
   (1)  on *(date)*:                                                         (2)  from *(city)*:
   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach
completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.
6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
          under the following Code of Civil Procedure section:
          ☐  416.10 (corporation)                              ☐  415.95 (business organization, form unknown)
          ☐  416.20 (defunct corporation)                      ☐  416.60 (minor)
          ☐  416.30 (joint stock company/association)          ☐  416.70 (ward or conservatee)
          ☐  416.40 (association or partnership)               ☐  416.90 (authorized person)
          ☐  416.50 (public entity)                            ☐  415.46 (occupant)
          ☐  other:
7.  Person who served papers
   a.  Name:                  CHRIS RODRIGUEZ
   b.  Address:               288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006
   c.  Telephone number:      (323) 803-3660
   d.  The fee for service was:  $68.00
   e.  I am:
       (1)  ☐  not a registered California process server.
       (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3)  ☒  a registered California process server:
              (i)   ☒ owner  ☐ employee  ☐ independent contractor
              (ii)  Registration No: 2017-272254
              (iii) County:  LOS ANGELES
8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
       or
9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.


Date:  07/07/2021

CHRIS RODRIGUEZ
_____                    _____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)                                 (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 45 of 103   Page ID #:45

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>　　TELEPHONE NO: 323-931-6200　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>　ATTORNEY FOR *(Name)*: PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
| 　STREET ADDRESS: 111 N Hill St |
| 　MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| 　BRANCH NAME: STANLEY MOSK COURTHOUSE |

| PLAINTIFF / PETITIONER: ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT: CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1.　At the time of service I was at least 18 years of age and not a party to this action.
2.　I served copies of:
　　a.　[ X ]　summons
　　b.　[ X ]　complaint
　　c.　[ X ]　Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
　　d.　[ X ]　Civil Case Cover Sheet *(served in complex cases only)*
　　e.　[　]　cross-complaint
　　f.　[ X ]　other *(specify documents)*:　NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3.　a.　Party served *(specify name of party as shown on documents served)*:
　　　BRIAN PARK
　　b.　[ X ]　Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
　　　ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4.　Address where the party was served:
　　1700 W 162ND ST, GARDENA, CA 90247
5.　I served the party *(check proper box)*
　　a.　[ X ]　by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021　　　(2) at *(time)*:　04:23 PM
　　b.　[　]　by substituted service. On *(date)*:　　　　　at *(time)*:　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

　　　(1)　[　]　(business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
　　　(2)　[　]　(home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
　　　(3)　[　]　(physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
　　　(4)　[　]　I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: ·
　　　　　from *(city)*:　　　　　　　　　　　or [　] a declaration of mailing is attached.
　　　(5)　[　]　I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:   ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   CITY OF GARDENA | 21STCV20536 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:            (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)            ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)        ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)

    ☐  416.50 (public entity)           ☐  415.46 (occupant)

    ☐  other:

7.  Person who served papers

  a.  Name:             CHRIS RODRIGUEZ

  b.  Address:         288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006

  c.  Telephone number:  (323) 803-3660

  d.  The fee for service was:  $68.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☒ owner  ☐ employee  ☐ independent contractor

      (ii)  Registration No:  2017-272254

      (iii)  County:  LOS ANGELES

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ
_____    _____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)    (SIGNATURE)

# EXHIBIT E

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 48 of 103   Page ID #:48

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>    TELEPHONE NO: 323-931-6200        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*:  PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
   STREET ADDRESS:  111 N Hill St
   MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, 90012
   BRANCH NAME:  STANLEY MOSK COURTHOUSE

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT:  CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      CHAD ARMERINE
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Wed, Jul 07 2021        (2) at *(time)*:   04:23 PM
   b. [ ] by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                    or [ ] a declaration of mailing is attached.
      (5) [ ]   I attach a **declaration** of **diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                   (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify)*:
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)              ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)        ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)             ☐  415.46 (occupant)
    ☐  other:

7.  **Person who served papers**
  a.  Name:          CHRIS RODRIGUEZ
  b.  Address:       288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006
  c.  Telephone number:  (323) 803-3660
  d.  The fee for service was:  $68.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
      (i)  ☒ owner  ☐ employee  ☐ independent contractor
      (ii)  Registration No:  2017-272254
      (iii)  County:  LOS ANGELES

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# EXHIBIT F

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR Document 1 Filed 08/05/21 Page 51 of 103 Page ID #:51

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>TELEPHONE NO: 323-931-6200    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF / PETITIONER: ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT: CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      JASON HOOKER
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021    (2) at *(time)*: 04:23 PM
   b. [ ] by substituted service. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
        from *(city)*:    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date)*:  (2)  from *(city)*:

  (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) ☐  to an address outsice California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify)*:
  c. ☐  as occupant.
  d. ☐  On behalf of *(specify)*:
    under the following Code of Civil Procedure section:
    ☐  416.10 (corporation)        ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)      ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)        ☐  415.46 (occupant)
    ☐  other:

7.  **Person who served papers**
  a.  Name:      CHRIS RODRIGUEZ
  b.  Address:      288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006
  c.  Telephone number:    (323) 803-3660
  d.  The fee for service was:  $68.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒  a registered California process server:
      (i)  ☒ owner  ☐ employee  ☐ independent contractor
      (ii)  Registration No:  2017-272254
      (iii)  County:  LOS ANGELES

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 54 of 103   Page ID #:54

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>    TELEPHONE NO: 323-931-6200    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*:  PLAINTIFF | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles<br>  STREET ADDRESS:  111 N Hill St<br>  MAILING ADDRESS:<br>CITY AND ZIP CODE:  Los Angeles, 90012<br>  BRANCH NAME:  STANLEY MOSK COURTHOUSE |
|---|

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT:  CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] summons
   - b. [X] complaint
   - c. [X] Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   - d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] cross-complaint
   - f. [X] other *(specify documents)*:  NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      MARK THOMPSON
   - b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   - a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Wed, Jul 07 2021    (2) at *(time):*  04:23 PM
   - b. [ ] by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      - (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*    or [ ] a declaration of mailing is attached.
      - (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT H

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mangahnbari,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>  TELEPHONE NO: 323-931-6200     FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
|   STREET ADDRESS: 111 N Hill St |
|   MAILING ADDRESS: |
|   CITY AND ZIP CODE:  Los Angeles, 90012 |
|   BRANCH NAME:  STANLEY MOSK COURTHOUSE |

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5856248 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [X] Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [X] other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3.  a.  Party served *(specify name of party as shown on documents served)*:
       MAYDA ZELAYA
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4.  Address where the party was served:
    1700 W 162ND ST, GARDENA, CA 90247
5.  I served the party *(check proper box)*
    a.  [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021     (2) at *(time)*:   04:23 PM
    b.  [ ] by substituted service. On *(date)*:        at *(time)*:        I left the documents listed in
       item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1)  [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to
                be served. I informed him or her of the general nature of the papers.
       (2)  [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of
                the party. I informed him or her of the general nature of the papers.
       (3)  [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
                person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature
                of the papers.
       (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
                where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
                from *(city)*:        or [ ] a declaration of mailing is attached.
       (5)  [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.   c.   ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date)*:               (2)  from *(city)*:

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify)*:
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify)*:
      under the following Code of Civil Procedure section:
      ☐  416.10 (corporation)           ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)       ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)
      ☐  416.50 (public entity)           ☐  415.46 (occupant)
      ☐  other:

7. Person who served papers
  a.  Name:              CHRIS RODRIGUEZ
  b.  Address:           288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006
  c.  Telephone number:    (323) 803-3660
  d.  The fee for service was:  $68.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
        (i)  ☒ owner  ☐ employee  ☐ independent contractor
        (ii)  Registration No:  2017-272254
        (iii)  County:  LOS ANGELES

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ
_____     _____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)     (SIGNATURE)

# EXHIBIT I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>    TELEPHONE NO: 323-931-6200        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*:  PLAINTIFF | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
| STREET ADDRESS: 111 N Hill St |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Los Angeles, 90012 |
| BRANCH NAME: STANLEY MOSK COURTHOUSE |

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT:  CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☒ summons
    b. ☒ complaint
    c. ☒ Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☒ other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT

3.  a.  Party served *(specify name of party as shown on documents served)*:
        NICHOLAS BEERLING
    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE

4.  Address where the party was served:
    1700 W 162ND ST, GARDENA, CA 90247

5.  I served the party *(check proper box)*
    a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date)*:  Wed, Jul 07 2021        (2) at *(time)*:  04:23 PM
    b. ☐ by substituted service. On *(date)*:            at *(time)*:            I left the documents listed in
        item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3)*:

        (1) ☐   (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to
                be served. I informed him or her of the general nature of the papers.
        (2) ☐   (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of
                the party. I informed him or her of the general nature of the papers.
        (3) ☐   (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
                person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature
                of the papers.
        (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
                where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
                from *(city)*:                                    or ☐ a declaration of mailing is attached.
        (5) ☐   I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Page 1 of 2
                                                                          Code of Civil Procedure, § 417.10

Page 000059

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                     (2)  from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

    ☐ other:

7.  Person who served papers

  a.  Name:           CHRIS RODRIGUEZ

  b.  Address:         288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006

  c.  Telephone number:   (323) 803-3660

  d.  The fee for service was:   $68.00

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☒ owner ☐ employee ☐ independent contractor

      (ii) Registration No: 2017-272254

      (iii) County: LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)          (SIGNATURE)

**EXHIBIT J**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 62 of 103   Page ID #:62

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>TELEPHONE NO: 323-931-6200      FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  PLAINTIFF | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles<br>STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Los Angeles, 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT:  CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5856248 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  summons
    b.  [X]  complaint
    c.  [X]  Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  cross-complaint
    f.  [X]  other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3.  a.  Party served *(specify name of party as shown on documents served)*:
        STEVE KIM
    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4.  Address where the party was served:
    1700 W 162ND ST, GARDENA, CA 90247
5.  I served the party *(check proper box)*
    a.  [X]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021          (2) at *(time)*:   04:23 PM
    b.  [ ]  by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
             from *(city)*:                              or [ ] a declaration of mailing is attached.
        (5)  [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                                                   (2)  from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)              ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                     ☐ 415.46 (occupant)
      ☐ other:

7.  Person who served papers
   a.  Name:                      CHRIS RODRIGUEZ
   b.  Address:                   288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006
   c.  Telephone number:         (323) 803-3660
   d.  The fee for service was:   $68.00
   e.  I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☒ owner ☐ employee ☐ independent contractor
         (ii)  Registration No:  2017-272254
         (iii)  County:  LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)                         (SIGNATURE)

# EXHIBIT K

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Pangan-Ibay, Deputy Clerk

Case 2:21-cv-06327-JFW-MAR Document 1 Filed 08/05/21 Page 65 of 103 Page ID #:65

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br> TELEPHONE NO: 323-931-6200 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br> ATTORNEY FOR *(Name)*: PLAINTIFF | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br> STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90012<br> BRANCH NAME: STANLEY MOSK COURTHOUSE | |
|---|---|

| PLAINTIFF / PETITIONER: ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT: CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5356248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      WILLIAM MCREYNOLDS
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021 (2) at *(time)*: 04:23 PM
   b. ☐ by substituted service. On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

Page 000065

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:          (2)  from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☒ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify)*:

   c. ☐ as occupant.

   d. ☐ On behalf of *(specify)*:

      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)        ☐ 416.70 (ward or conservatee)

      ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)        ☐ 415.46 (occupant)

      ☐ other:

7.  **Person who served papers**

   a.  Name:      CHRIS RODRIGUEZ

   b.  Address:      288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006

   c.  Telephone number:      (323) 803-3660

   d.  The fee for service was:      $68.00

   e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☒ owner ☐ employee ☐ independent contractor

      (ii)  Registration No:  2017-272254

      (iii)  County:  LOS ANGELES

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# EXHIBIT L

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2021 05:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban, Deputy Clerk

Case 2:21-cv-06327-JFW-MAR   Document 1   Filed 08/05/21   Page 68 of 103   Page ID #:68

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| YANA G. HENRIKS, ESQ SBN 250638<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br>TELEPHONE NO: 323-931-6200     FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF / PETITIONER: ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT: CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856248 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:   NOTICE OF CASE MANAGEMENT CONFERENCE, NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
      GEORGE BUKHIN
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ANAHI CORTE, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jul 07 2021     (2) at *(time)*: 04:23 PM
   b. [ ] by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
           from *(city)*:                    or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

Page 000068

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:          (2)  from *(city)*:

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

    ☐ other:

7. Person who served papers

  a. Name:           CHRIS RODRIGUEZ

  b. Address:        288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006

  c. Telephone number:  (323) 803-3660

  d. The fee for service was:  $68.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i)  ☒ owner  ☐ employee  ☐ independent contractor

      (ii)  Registration No:  2017-272254

      (iii)  County:  LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/07/2021

CHRIS RODRIGUEZ

_____        _____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)      (SIGNATURE)

# EXHIBIT M

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>YANA G. HENRIKS,ESQ  SBN 25038<br>MCMURRAY HENRIKS, LLP<br>811 WILSHIRE BLVD SUITE 1640<br>LOS ANGELES, CA 90017<br> TELEPHONE NO: 323-931-6200          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br> ATTORNEY FOR *(Name)*:  PLAINTIFF | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles<br> STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90012<br> BRANCH NAME: STANLEY MOSK COURTHOUSE | |
| PLAINTIFF / PETITIONER: ROSHAWN DOUGLAS<br>DEFENDANT / RESPONDENT: CITY OF GARDENA | CASE NUMBER:<br>21STCV20536 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5856218 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☒ summons
   - b. ☒ complaint
   - c. ☒ Alternative Dispute Resolution (ADR) package, FIRST AMENDED GENERAL ORDER
   - d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents)*:   NOTICE OF CASE ASSIGNMENT, NOTICE OF CASE MANAGEMENT CONFERENCE
3. a. Party served *(specify name of party as shown on documents served)*:
     CITY OF GARDENA
   - b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
     MINA SEMENZA, PERSON AUTHORIZED TO ACCEPT SERVICE
4. Address where the party was served:
   1700 W 162ND ST, GARDENA, CA 90247
5. I served the party *(check proper box)*
   - a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Fri, Jul 02 2021          (2) at *(time)*:   03:35 PM
   - b. ☐ by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
       from *(city)*:                    or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:  ROSHAWN DOUGLAS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  CITY OF GARDENA | 21STCV20536 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:          (2)  from *(city)*:

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify)*:

  c. ☐  as occupant.

  d. ☒  On behalf of *(specify)*:   CITY OF GARDENA

    under the following Code of Civil Procedure section:

    ☒  416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)           ☐ 416.60 (minor)

    ☐  416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐  416.50 (public entity)              ☐ 415.46 (occupant)

    ☐  other:

7.  **Person who served papers**

  a.  Name:             CHRIS RODRIGUEZ

  b.  Address:          288 E LIVE OAK AVE SUITE A501, ARCADIA, CA 91006

  c.  Telephone number:    (323) 803-3660

  d.  **The fee for service was:**   $68.00

  e.  I am:

    (1) ☐  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒  a registered California process server:

      (i) ☒ owner ☐ employee ☐ independent contractor

      (ii)  Registration No:  2017-272254

      (iii)  County:  LOS ANGELES

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

CHRIS RODRIGUEZ                                                    

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)          (SIGNATURE)

# EXHIBIT N

Electronically FILED by Superior Court of California, County of Los Angeles on 06/01/2021 13:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Phan,Deputy Clerk

Case 2:21-cv-06327-JFW-MAR Document 1 Filed 08/05/21 Page 74 of 103 Page ID #:74

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 21STCV20536 | FOR COURT USE ONLY |
|---|---|
| Yana G. Henriks, Esq. (SBN 250638)<br>MCMURRAY HENRIKS, LLP<br>811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017 | |

TELEPHONE NO.: 323-931-6200   FAX NO. *(Optional)*: 323-931-9521
ATTORNEY FOR *(Name)*: Plaintiffs Roshawn Douglas

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Roshawn Douglas v. City of Gardena, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 15
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: June 1, 2021

Yana G. Henriks, Esq.
_____
(TYPE OR PRINT NAME)                                          ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

# EXHIBIT O

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/01/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV20536 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Timothy Patrick Dillon | 73 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _06/03/2021_____
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _D. Williams_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**       Page 000077

# EXHIBIT P

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Roshawn Douglas

DEFENDANT:
City of Gardena, a California municipal entity et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**06/07/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: ____E. Villanueva____ Deputy

CASE NUMBER:
21STCV20536

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 09/23/2021 | 8:30 AM | 73 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rules 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __06/07/2021__

__Timothy Patrick Dillon / Judge__
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Yana G. Henriks, Esq.
811 Wilshire Blvd.
Suite 1640
Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __06/07/2021__

By __E. Villanueva__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# EXHIBIT Q

Electronically FILED by Superior Court of California, County of Los Angeles on 06/10/2021 02:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

Randy H. McMurray, Esq. (SBN: 126888)
Email: rmcmurray@law-mh.com
Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
Lauren I. Fredeinberg, Esq. (SBN 312428)
Email: Lfreidenberg@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff,* ROSHAWN DODUGLAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ROSHAWN DOUGLAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GARDENA, a California municipal entity; STEVE KIM, an individual; BRIAN PARK, an individual; ARNOLD PETERSON, an individual; MAYDA ZELAYA, an individual; CHAD AMERINE, an individual; JASON HOOKER, an individual; NICHOLAS BEERLING, an individual; MARK THOMPSON, an individual; WILLIAM MCREYNOLDS, an individual; GEORGE BUKHIN, an individual; and DOES 1-100 inclusive,<br><br>Defendants. | **CASE NO.: 21STCV20536**<br>*[Assigned to the Hon. Timothy Dillon Patrick, Dept. 73]*<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES**<br><br>Action filed:   June 1, 2021 |

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**1**

1    **TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that Plaintiff ROSHAWN DOUGLAS hereby submits a

3 jury fee deposit in the amount of $150 in the above-entitled action pursuant to California Code

4 of Civil Procedure Section 631(b).

5

6 DATED: June 10, 2021             **MCMURRAY HENRIKS, LLP**

7

8

9                 By: _____

10                 Yana G. Henriks, Esq.

                Attorneys for *Plaintiff*

11                 ROSHAWN DOUGLAS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MCMURRAY HENRIKS, LLP**
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

---

# EXHIBIT R

Electronically FILED by Superior Court of California, County of Los Angeles on 07/28/2021 03:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1  Eugene P. Ramirez (State Bar No. 134865)
     *epr@manningllp.com*
2  Angela M. Powell (State Bar No. 191876)
     *amp@manningllp.com*
3  Steven McNicholl (State Bar No. 323191)
     *sam@manningllp.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendants, CITY OF GARDENA
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

               **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**
10
11
   ROSHAWN DOUGLAS, an individual,          Case No. 21STCV20536
12                                          Assigned to Hon. Timothy Dillon
              Plaintiff,                     Dept.
13
       v.                                   **ANSWER OF DEFENDANTS TO**
14                                          **PLAINTIFF'S COMPLAINT: DEMAND**
   CITY OF GARDENA, a California municipal   **FOR JURY TRIAL**
15 entity; STEVE KIM, an individual; BRIAN
   PARK, an individual; ARNOLD PETERSON,
16 an individual; MAYDA ZELAYA, an
   individual; CHAD AMERINE, an individual;  Complaint Filed: June 1, 2021
17 JASON HOOKER, an individual; NICHOLAS
   BEERLING, an individual; MARK
18 THOMPSON, an individual; WILLIAM
   MCREYNOLDS, an individual; GEORGE
19 BUKHTN, an individual; and DOES I- 100,
   inclusive,
20
              Defendants.
21
22
23         Defendant CITY OF GARDENA (herein after as "Defendant") hereby Answers plaintiff's

24 Complaint on file herein (filed June 1, 2021) – (hereinafter referred to as the "Complaint") and

25 defendant hereby admits, denies, and alleges as follows:

26                                    **ANSWER.**

27         1.      Pursuant to Code of Civil Procedure section 431.30, Defendant denies generally and

28 specifically each and every allegation in the Complaint and denies liability as to each and every

---

cause of action alleged therein.  Defendant further denies that plaintiff has been damaged in the sum alleged in the Complaint, or any other sum, or at all, by any named defendant's actions or omissions.

2.      Further answering plaintiff's Complaint on file herein, and the whole thereof, the answering Defendant denies that the plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the answering Defendant for which Defendant may be liable.   To the extent plaintiff asserts any other claims or contentions not specifically addressed herein above, Defendant generally and specifically denies each and every remaining allegation and/or claim.

<u>**AFFIRMATIVE DEFENSES**</u>

3.      As separate and affirmative defenses, Defendant alleges as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**(Statute of Limitations)**

4.      Plaintiff's Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

5.      Plaintiff's Complaint also fails to state a claim against any defendant in this action.

6.      Plaintiff's claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

**(Tort Claims Act Violation)**

7.      This action is barred by the Plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

8.      The Complaint is barred based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

9.      Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

10.    Plaintiff's recovery is barred because the causes of action stated in the complaint do not correspond with the legal claims asserted in plaintiff's written claim.  The Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

11.    Defendant alleges that plaintiff's action is barred by reason of conduct, actions and inactions of plaintiff which amounts to and constitutes a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.    Plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

13.    Plaintiff's claims are barred or limited by plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

14.    Plaintiff's recovery is barred because any injury or damage suffered by plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

### SIXTH AFFIRMATIVE DEFENSE

3

**(Public Entity/Employee Immunity for Others' Torts)**

15.     Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person.  Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

16.     The answering Defendant is informed and believes and thereon allege that if plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant. To the extent that plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SEVENTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Discretionary Acts)**

17.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

18.     Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

19.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, each of the answering defendant is immune from liability for any injuries claimed by plaintiff, herein.

20.     Defendant is immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code § 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2, 810.4, 810.6,

4

810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

21.     To the extent that the Complaint attempts to predicate liability upon any public entity defendants or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

22.     Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate.  Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

23.     Defendant and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendant therefore asserts the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

24.     Defendant is immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because a

5

1 | reasonable police officer could believe that their acts and conduct were appropriate. Defendant is

2 | immune from liability under the Federal Civil Rights Act because their conduct did not violate

3 | clearly established rights. Defendant is also immune from liability under the doctrine of Qualified

4 | Immunity.

5 |       25.    At all relevant times, defendant acted within the scope of discretion, with due care,

6 | and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation,

7 | within the bounds of reason, and with the good faith belief that their actions comported with all

8 | applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§

9 | 815.2 and 820.2.

10 | ### TENTH AFFIRMATIVE DEFENSE

11 | ### (Assumption of Risk)

12 |       26.    At the time and place referred to in the Complaint, and before such event, plaintiff

13 | knew, appreciated, and understood each and every risk involved in placing himself in the position

14 | which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks,

15 | including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of

16 | right(s), or death.

17 | ### RESERVATION OF AFFIRMATIVE DEFENSES

18 |       27.    Because the Complaint is couched in vague and conclusory terms, Defendant

19 | cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly,

20 | Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent

21 | that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be

22 | appropriate. The assertion of any of the foregoing is not intended and shall not be construed as

23 | any stipulation regarding any shifting of the burden of proof to any defendant regarding any

24 | plaintiff's claims, or elements thereof.

25 | ///

26 | ///

27 | ///

28 | ///

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1

## **PRAYER FOR RELIEF**

2       WHEREFORE, the answering Defendant prays as follows:

3       1.      That Plaintiff take nothing by this action;

4       2.      That Defendant be awarded attorneys' fees and costs of this suit and costs of proof;

5               and

6       3.      That Defendant be awarded such other relief as the Court deems just.

7

8  DATED:  July 28, 2021                **MANNING & KASS**
                                        **ELLROD, RAMIREZ, TRESTER LLP**

9

10                                      /S/ *Steven McNicholl*

11                              By: _____

12                                      Eugene P. Ramirez, Esq.
                                        Angela M. Powell, Esq.

13                                      Steven A. McNicholl, Esq.
                                        Attorneys for Defendant, CITY OF GARDENA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT CITY OF GARDENA: DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial before a jury on all issues presented by plaintiff's operative Complaint that are or may be triable to a jury.

DATED:  July 28, 2021

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

/s/ *Steven McNicholl*

By: _____

Eugene P. Ramirez, Esq.
Angela M. Powell, Esq.
Steven A. McNicholl, Esq.
Attorneys for Defendant, CITY OF GARDENA

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT CITY OF GARDENA: DEMAND FOR JURY TRIAL**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

    On July 28, 2021, I served true copies of the following document(s) described as
**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY**

6

**TRIAL** on the interested parties in this action as follows:

7

8

Randy H. McMurray, Esq.                    *Attorneys for Plaintiff, ROSHAWN DOUGLAS*
Yana G. Henriks, Esq.

9

Lauren I. Freidenberg, Esq.
McMURRAY HENRIKS, LLP

10

811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017

11

Telephone: (323) 931-6200
Facsimile: (323) 931-9521

12

Rmcmurray@law-mh.com
Yhenriks@law-mh.com

13

Lfreidenberg@law-mh.com

14

15

    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and

16

mailing, following our ordinary business practices.  I am readily familiar with the practice of
Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for

17

mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited
in the ordinary course of business with the United States Postal Service, in a sealed envelope with

18

postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The
envelope was placed in the mail at Los Angeles, California.

19

    **ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the
persons at the e-mail address(es).  This is necessitated during the declared National Emergency

20

due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not
able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

21

message or other indication that the transmission was unsuccessful was received within a
reasonable time after the transmission. We will provide a physical copy, upon request only, when

22

we return to the office at the conclusion of the National Emergency.

23

    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

24

    Executed on July 28, 2021, at Los Angeles, California.

25

26

27

                                                    /s/ Sandra Alarcon
                              _____
                                                    Sandra Alarcon

28

# EXHIBIT S

Electronically FILED by Superior Court of California, County of Los Angeles on 08/03/2021 03:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1 │ Eugene P. Ramirez (State Bar No. 134865)
    │   *epr@manningllp.com*
2 │ Angela M. Powell (State Bar No. 191876)
    │   *amp@manningllp.com*
3 │ Steven McNicholl (State Bar No. 323191)
    │   *sam@manningllp.com*
4 │ **MANNING & KASS**
    │ **ELLROD, RAMIREZ, TRESTER LLP**
5 │ 801 S. Figueroa St, 15th Floor
    │ Los Angeles, California 90017-3012
6 │ Telephone: (213) 624-6900
    │ Facsimile: (213) 624-6999
7 │
    │ Attorneys for Defendants, CITY OF GARDENA;
8 │ Officer STEVEN KIM; Officer BRIAN PARK;
    │ Officer ARNOLD PETERSON; Officer MAYDA
9 │ ZELAYA; Officer CHAD AMERINE; Officer
    │ JASON HOOKER; Officer NICHOLAS
10 │ BEERLING; Officer MARK THOMPSON; and
    │ Officer WILLIAM MCREYNOLDS.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ROSHAWN DOUGLAS, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF GARDENA, a California municipal entity; STEVE KIM, an individual; BRIAN PARK, an individual; ARNOLD PETERSON, an individual; MAYDA ZELAYA, an individual; CHAD AMERINE, an individual; JASON HOOKER, an individual; NICHOLAS BEERLING, an individual; MARK THOMPSON, an individual; WILLIAM MCREYNOLDS, an individual; GEORGE BUKHTN, an individual; and DOES I- 100, inclusive,<br><br>      Defendants. | Case No. 21STCV20536<br>Assigned to Hon. Timothy Dillon<br>Dept.<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT: DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 1, 2021 |

26 │     Defendants Officer STEVEN KIM, Officer BRIAN PARK, Officer ARNOLD
27 │ PETERSON, Officer MAYDA ZELAYA, Officer CHAD AMERINE, Officer JASON HOOKER,
28 │ Officer NICHOLAS BEERLING, Officer MARK THOMPSON, and Officer WILLIAM

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

MCREYNOLDS (herein after as "Defendants") hereby Answer plaintiff's Complaint on file herein (filed June 1, 2021) – (hereinafter referred to as the "Complaint") and Defendants hereby admit, deny, and allege as follows:

## ANSWER.

1.      Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and specifically each and every allegation in the Complaint and denies liability as to each and every cause of action alleged therein.  Defendants further deny that plaintiff has been damaged in the sum alleged in the Complaint, or any other sum, or at all, by any named Defendants' actions or omissions.

2.      Further answering plaintiff's Complaint on file herein, and the whole thereof, the answering Defendants deny that the plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the answering Defendants for which Defendants may be liable.   To the extent plaintiff asserts any other claims or contentions not specifically addressed herein above, Defendants generally and specifically deny each and every remaining allegation and/or claim.

## AFFIRMATIVE DEFENSES

3.      As separate and affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4.      Plaintiff's Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

5.      Plaintiff's Complaint also fails to state a claim against any Defendants in this action.

6.      Plaintiff's claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

## SECOND AFFIRMATIVE DEFENSE
### (Tort Claims Act Violation)

7.      This action is barred by the Plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and

2

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

1    950.6, to the extent applicable.

2         8.    The Complaint is barred based on plaintiff's failure to exhaust administrative

3    remedies prior to filing this lawsuit.

4         9.    Plaintiff's recovery is barred for failure to timely comply with the provisions of the

5    claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2,

6    945.4, 945.6, 950.2.

7         10.   Plaintiff's recovery is barred because the causes of action stated in the complaint do

8    not correspond with the legal claims asserted in plaintiff's written claim.  The Complaint thereby

9    alleges legal bases for recovery which are not fairly reflected in the written claim.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

11   11.   Defendants allege that plaintiff's action is barred by reason of conduct, actions and

12   inactions of plaintiff which amounts to and constitutes a waiver of any right plaintiff may or might

13   have had in reference to the matters and things alleged in the Complaint, or that otherwise estop

14   plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

18   12.   Plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate

19   plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any,

20   which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms,

21   if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any

22   injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take

23   reasonable precautions to reduce any injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

26   13.   Plaintiff's claims are barred or limited by plaintiff's contributory/comparative

27   negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury

28   or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

14.     Plaintiff's recovery is barred because any injury or damage suffered by plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

15.     Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person.  Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

16.     The answering Defendants are informed and believe and thereon allege that if plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendants.  To the extent that plaintiff's damages were so caused, any recovery by plaintiff as against the answering Defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

17.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

18.     Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

19.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821

2   and 821.2.  Based thereon, each of the answering defendants is immune from liability for any injuries

3   claimed by plaintiff, herein.

4        20.      Defendants are immune for any detriment resulting from any of its actions or

5   omissions at the time of the incident of which plaintiff complains pursuant to Government Code §

6   810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2,

7   810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8,

8   822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq.*, including, but not limited

9   to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

12        21.      To the extent that the Complaint attempts to predicate liability upon any public entity

13   defendants or any employees thereof for purported negligence in retention, hiring, employment,

14   training, or supervision of any public employee, such liability is barred by Government Code

15   sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936,

16   *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack

17   of any duty running to any plaintiff; by the fact that any such purported act or omission is governed

18   exclusively by statute and is outside the purview of any public employees' authority; and by the

19   failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the

20   Complaint.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

21        22.      Defendants may not be held liable on a *respondeat superior* theory for any negligent

22   or wrongful act or omission on the part of any subordinate.  Cal. Government Code §§ 844.6, 845.6;

23   Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of*

24   *Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir.

25   1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of*

26   *Los Angeles v. Heller*, 475 U.S. 796 (1986).

27

28   ///

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

23.    Defendants and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

24.    Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendants are also immune from liability under the doctrine of Qualified Immunity.

25.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.  *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

26.    At the time and place referred to in the Complaint, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## RESERVATION OF AFFIRMATIVE DEFENSES

27.    Because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

1    that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be

2    appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as

3    any stipulation regarding any shifting of the burden of proof to any defendants regarding any

4    plaintiff's claims, or elements thereof.

5                            **PRAYER FOR RELIEF**

6            WHEREFORE, the answering Defendant(s) pray as follows:

7        1.        That Plaintiff(s) take nothing by this action;

8        2.        That Defendant(s) be awarded attorneys' fees and costs of this suit and costs of

9                  proof; and

10       3.        That Defendant(s) be awarded such other relief as the Court deems just.

11

12   DATED:  August 3, 2021              **MANNING & KASS**
                                          **ELLROD, RAMIREZ, TRESTER LLP**
13

14

15                                       /s/ *Steven McNicholl*
                                 By: _____
16                                   Eugene P. Ramirez, Esq.
                                     Angela M. Powell, Esq.
17                                   Steven A. McNicholl, Esq.
                                     Attorneys for Defendant, CITY OF GARDENA;
18                                   Officer STEVEN KIM; Officer BRIAN PARK;
                                     Officer ARNOLD PETERSON; Officer MAYDA
19                                   ZELAYA; Officer CHAD AMERINE; Officer
                                     JASON HOOKER; Officer NICHOLAS
20                                   BEERLING; Officer MARK THOMPSON; and
                                     Officer WILLIAM MCREYNOLDS.
21

22

23

24

25

26

27

28

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Defendant(s) hereby demand a trial before a jury on all issues presented by plaintiff's operative Complaint that are or may be triable to a jury.

DATED:  August 3, 2021

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: /s/ *Steven McNicholl*

Eugene P. Ramirez, Esq.
Angela M. Powell, Esq.
Steven A. McNicholl, Esq.
Attorneys for Defendant, CITY OF GARDENA;
Officer STEVEN KIM; Officer BRIAN PARK;
Officer ARNOLD PETERSON; Officer MAYDA
ZELAYA; Officer CHAD AMERINE; Officer
JASON HOOKER; Officer NICHOLAS
BEERLING; Officer MARK THOMPSON; and
Officer WILLIAM MCREYNOLDS.

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS: DEMAND FOR JURY TRIAL

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S.
4    Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5          On August 3, 2021, I served true copies of the following document(s) described as
**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY**
6    **TRIAL** on the interested parties in this action as follows:

7

8    Randy H. McMurray, Esq.                              *Attorneys for Plaintiff, ROSHAWN DOUGLAS*
Yana G. Henriks, Esq.
9    Lauren I. Freidenberg, Esq.
McMURRAY HENRIKS, LLP
10   811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
11   Telephone: (323) 931-6200
Facsimile: (323) 931-9521
12   Rmcmurray@law-mh.com
Yhenriks@law-mh.com
13   Lfreidenberg@law-mh.com

14

15          **ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the
persons at the e-mail address(es).  This is necessitated during the declared National Emergency
16   due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not
able to send physical mail as usual, and is therefore using only electronic mail.  No electronic
17   message or other indication that the transmission was unsuccessful was received within a
reasonable time after the transmission. We will provide a physical copy, upon request only, when
     we return to the office at the conclusion of the National Emergency.
18

19          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

20          Executed on August 3, 2021, at Los Angeles, California.

21

22                                                          /s/ Sandra Alarcon

23                                                  Sandra Alarcon

24

25

26

27

28

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 5, 2021, I served true copies of the following document(s) described as **NOTICE OF FILING FEDERAL NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** on the interested parties in this action as follows:

Randy H. McMurray, Esq.                          *Attorneys for Plaintiff, ROSHAWN DOUGLAS*
Yana G. Henriks, Esq.
Lauren I. Freidenberg, Esq.
McMURRAY HENRIKS, LLP
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521
Rmcmurray@law-mh.com
Yhenriks@law-mh.com
Lfreidenberg@law-mh.com
mescorcia@law-mh.com

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2021, at Los Angeles, California.


                                        /s/ Sandra Alarcon
                                        Sandra Alarcon